Gerald Grunsfeld, Esq.
Lazar Grunsfeld Elnadav LLP
1795 Coney Island Avenue
Brooklyn, NY 11230
(718) 947-7476
Gerry@LGELaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NINGBO EASYCLEAN COMMODITY CO., LTD and
EASYCLEAN CO., LTD

      Plaintiff,

               *-against-*

SPLAQUA, INC.,
DACKERS TRADING, LLC, JOEL ACKERMAN
AND DAVID SCHWARTZ

      Defendants,

**AMENDED COMPLAINT**

**25cv06596**

Plaintiffs, NINGBO EASYCLEAN COMMODITY CO., LTD and EASYCLEAN CO.,

LTD (collectively hereafter referred to herein as "EASYCLEAN") by their attorneys, Lazar

Grunsfeld Elnadav LLP, for their complaint, allege, upon information and belief, as follows:

**PARTIES, JURISIDICTION AND VENUE**

1.      EASYCLEAN are two affiliated Chinese manufacturing companies, with their

headquarters located in the Yinzhou district of China.

2.      Defendant SPLAQUA, INC., (SPLAQUA) is a New York company, located in

Brooklyn, New York.

3.      Defendant, DACKERS TRADINLG, LLC, (DACKERS) is a New York company,

located in Brooklyn, New York.

4.      Defendant Joel Ackerman is a resident of New York.

1

5. Defendant David Schwartz is a resident of New York.

6. Upon information and belief, Defendants Joel Ackerman and David Schwartz own and control SPLAQUA and DACKERS.

7. It is almost certain that there are no members of the defendant companies who reside in China as Plaintiffs have conducted internet research and found no evidence of same and because Plaintiffs have made this representation in filings made in this Court in prior litigation against the Defendants (22-cv-05575) and Defendants did not make any claims to the contrary in response to these allegations.

8. As such, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, and maintains supplemental jurisdiction over Plaintiffs' New York State causes of action for account stated and breach of contract.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that the Defendants companies (and likely the individual defendants as well) reside within this District.

## FACTUAL BACKGROUND

10. Between January and June of 2022, Plaintiffs made several shipments of lens wipes, lens cleaner, and lens cloth products to Defendants, for which Defendants had signed purchase orders.

11. Despite agreeing to pay Plaintiffs for the aforementioned shipments, Defendants only paid Plaintiffs $564,699.38, leaving an unpaid balance due of $771,261.

12. Plaintiffs filed suit against Defendants setting forth a claim for this unpaid amount plus interest. Said Lawsuit was filed in UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK (22-cv-05575).

13. On March 14, 2023, the parties filed a settlement agreement (**Exhibit A**) wherein

the Defendants agreed to pay Plaintiffs the $771,261, principal plus $102,018 of interest. Per the agreement, Defendants were to pay Plaintiffs a total of $873,279 in sixty monthly payments of $14,554.65.

14.    Between March 18, 2023 and June 20, 2025, Defendants made 18 of said monthly settlement payments (of varying amounts) totaling $269,309.50, but then stopped making monthly payments, despite receiving a Notice of Default from Plaintiffs.

15.    As such, $501,951.50 remains unpaid from the $771,261 confession of judgment representing the initial debt owed; and interest exceeding $100,000, payable under the settlement agreement remains unpaid.

16.    Plaintiffs have filed Defendants' Confession of Judgment in New York Supreme Court, seeking a judgment against Defendants for the unpaid $501,951.50 due under the Defendants' Confession of Judgment.

17.    Plaintiffs file this lawsuit seeking the interest (in excess of $100,000) payable under the settlement agreement, which remains unpaid.

18.    In addition, in accordance with the terms of the settlement agreement, Plaintiffs agreed to ship additional goods to Defendants. More specifically, pursuant to purchase orders signed by Defendants, Plaintiffs shipped goods to Defendants with an agreed purchase price of $35,599.66 and manufactured for Defendants (but did not yet ship) goods with an agreed purchase price of $56,908.43.

19.    Defendants have not paid any portion of the aforesaid sums.

20.    In total, Defendants thus owe Plaintiffs in excess of $194,526.09, plus continuing interest and attorneys' fees.

3

PIERCING THE CORPORATE VEIL

21.     Defendants Ackerman and Schwartz have complete dominion and control over the defendant companies.

22.     Defendants Ackerman and Schwartz operated and controlled DACKERS and SPLAQUA in a manner that completely disregarded corporate formalities.

23.     Upon information and belief, Ackerman and Schwartz:

- Placed the orders enumerated in ¶18 above, intending from the outset, that they would not pay Plaintiffs for the products.

- Used banks accounts and credit cards belonging to DACKERS and SPLAQUA for personal expenses.

- Comingled their personal assets with the assets of DACKERS and SPLAQUA.

- Either failed to create operating agreements for DACKERS and SPLAQUA or if they did create operating agreements, failed to abide by obligations and rules set forth in such agreements.

- Systematically underfunded and undercapitalized DACKERS and SPLAQUA.

- Deliberately made these companies insolvent.

- Transferred funds out of DACKERS and SPLAQUA's bank accounts in order to make the companies judgement-proof.

- Threatened to file for bankruptcy on behalf of DACKERS and SPLAQUA in order to gain leverage as to repayment of debt.

24.     By virtue of the foregoing, any business conducted by DACKERS and SPLAQUA was really business conducted by SCHWARTZ and ACKERMAN.

25.     By virtue of the foregoing, SCHWARTZ and ACKERMAN are really alter egos for

4

by DACKERS and SPLAQUA and vice versa.

26.    By virtue of the foregoing, any debt acquired by DACKERS and SPLAQUA is really debt acquired by SCHWARTZ and ACKERMAN.

## FIRST CLAIM FOR RELIEF

### (ACCOUNT STATED)

27.    Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this complaint.

28.    On March 14, 2023, the parties filed a settlement agreement (Exhibit A) wherein the Defendants agreed to pay Plaintiffs the $771,261, principal plus $102,018 of interest. Per the agreement, Defendants were to pay Plaintiffs a total of $873,279 in sixty monthly payments of $14,554.65.

29.    Between March 18, 2023 and June 20, 2025, Defendants made 18 of said monthly settlement payments (of varying amounts) totaling  $269,309.50, but then stopped making monthly payments, despite receiving a Notice of Default from Plaintiffs.

30.    As such, $501,951.50 remains unpaid from the $771,261 confession of judgment representing the initial debt owed; and a further $102,018 of interest payable under the settlement agreement remains unpaid.

31.    Plaintiffs have filed Defendants' Confession of Judgment in New York Supreme Court, seeking a judgment against Defendants for the unpaid $501,951.50 due under the Defendants' Confession of Judgment.

32.    Plaintiffs file this lawsuit seeking the $102,018 of interest payable under the settlement agreement, which remains unpaid.

33.    In addition, in accordance with the terms of the settlement agreement, Plaintiffs agreed to ship additional goods to Defendants. More specifically, pursuant to purchase orders

signed by Defendants, Plaintiffs shipped goods to Defendants with an agreed purchase price of $35,599.66 and manufactured for Defendants (but did not yet ship) goods with an agreed purchase price of $56,908.43.

34.    Defendants  have not paid any portion of the aforesaid sums.

35.    In total, Defendants thus owe Plaintiffs $194,526.09, plus interest and attorneys' fees.

## SECOND (ALTERNATIVE) CLAIM FOR RELIEF

### (Breach of Contract )

36.    Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this complaint.

37.    On March 14, 2023, the parties filed a settlement agreement (Exhibit A) wherein the Defendants agreed to pay Plaintiffs the $771,261, principal plus $102,018 of interest. Per the agreement, Defendants were to pay Plaintiffs a total of $873,279 in sixty monthly payments of $14,554.65.

38.    Between March 18, 2023 and June 20, 2025, Defendants made 18 of said monthly settlement payments (of varying amounts) totaling  $269,309.50, but then stopped making monthly payments, despite receiving a Notice of Default from Plaintiffs.

39.    As such, $501,951.50 remains unpaid from the $771,261 confession of judgment representing the initial debt owed; and a further $102,018 of interest payable under the settlement agreement remains unpaid.

40.    Plaintiffs have filed Defendants' Confession of Judgment in New York Supreme Court, seeking a judgment against Defendants for the unpaid $501,951.50 due under the Defendants' Confession of Judgment.

41.    Plaintiffs file this lawsuit seeking the $102,018 of interest payable under the

settlement agreement, which remains unpaid.

42.     In addition, in accordance with the terms of the settlement agreement, Plaintiffs agreed to ship additional goods to Defendants. More specifically, pursuant to purchase orders signed by Defendants, Plaintiffs shipped goods to Defendants with an agreed purchase price of $35,599.66 and manufactured for Defendants (but did not yet ship) goods with an agreed purchase price of $56,908.43.

43.     Defendants  have not paid any portion of the aforesaid sums in breach of the settlement agreement and purchase orders.

44.     The settlement agreement provided that Plaintiffs would be entitled to see their costs, attorneys' fees and interest if Plaintiffs had to sustain such costs and fees seeking to enforce the settlement agreement.

45.     In total, Defendants thus owe Plaintiffs $194,526.09, plus costs, interest and attorneys' fees.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs pray for judgement awarding them $194,526.09, plus costs, interest and attorneys' fees.

Dated: Brooklyn, New York
         February 9, 2026

LAZAR GRUNSFELD ELNADAV LLP

Gerald Grunsfeld, Esq.
1795 Coney Island Avenue
Brooklyn, NY 11230
Gerry@lgelaw.com
(718) 947-7476
Attorney for Plaintiffs